IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | Case No. 3:09-cr-127(1) |
| vs. | : |
| | JUDGE WALTER HERBERT RICE |
| RONALD SCHROYER, | : |
| Defendant | : |

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA (DOC. #47) AND EXPANDED MOTION TO WITHDRAW HIS GUILTY PLEA (DOC. #51)

This matter is before the Court on Defendant's motion to withdraw his guilty plea (Doc. #47) and expanded motion to withdraw his guilty plea (Doc. #51) to Count 3 of the First Superseding Indictment. The Court held an evidentiary hearing on June 25, 2010. For the reasons set forth below, the Court overrules Defendant's motions.

I.  **Procedural History**

In 2008 and 2009, Defendant Ronald Schroyer and others allegedly conspired to break into numerous pharmacies throughout Ohio to steal controlled substances for distribution or sale to others. After being indicted on numerous charges, he entered into a plea agreement with the Government. On February 11,

2010, Schroyer, represented by Attorney Gary Schaengold, entered a plea of guilty to Count 3 of the First Superseding Indictment, which charged him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§841(a)(1), (b)(1)(C), and (b)(1)(D).

The statutory maximum penalty for this crime is 20 years in prison; there is no mandatory minimum sentence. At the change of plea hearing, Schaengold stated that he had calculated the applicable advisory guideline range to be 151-188 months. Doc. #23, PAGEID #216. The Court accepted Schroyer's guilty plea and ordered a presentence investigation report. *Id.* at PAGEID #244.

In her presentence investigation report, the probation officer calculated the applicable advisory guideline range to be 235 to 293 months, considerably higher than Schaengold's estimate. The discrepancy was based on an enhancement for Defendant's role in the offense, and on differing drug weight calculations. The probation officer recommended a sentence of 235 months, just 5 months shy of the statutory maximum of 240 months. She also noted that if Defendant had been convicted on all eight counts contained in the First Superseding Indictment, those counts would have been grouped, resulting in the same advisory guideline range of 235-240 months. Schaengold met with Defendant on March 27, 2010, to review the initial presentence investigation report with him. Ex. H to 6/25/10 Hr'g.

On May 5, 2010, Defendant wrote a letter to the undersigned judge, stating that he wanted to withdraw his guilty plea. He claimed that, as the statement of

2

facts was being read at the change of plea hearing, he tried to get Schaengold's attention to tell him that he had *not* conspired to sell drugs as alleged, but Schaengold ignored him, having previously warned him not to interrupt the proceedings. Defendant said that Schaengold told him that if he accepted the plea offer, he would receive a maximum of 12 years, and would probably only get 8-9 years. If he did not accept the offer, the prosecutor "was going to try and give me 30 years." Defendant also alleged that Schaengold had failed to review evidence that would have been beneficial to his case. Defendant stated that he had told Schaengold several weeks prior to writing that letter that he wanted to withdraw his guilty plea, but had not heard anything from him since then. Ex. 1 to 6/25/10 Hr'g.

On May 7, 2010, Schaengold sought leave to withdraw as counsel, citing a breakdown in communication with his client. Doc. #43. The Court sustained that motion and appointed Lawrence Greger to represent Defendant. Doc. #46. On May 26, 2010, on Defendant's behalf, Greger filed a formal motion to withdraw the guilty plea. Doc. #47. He argued that Schaengold's ineffective assistance of counsel constituted a "fair and just reason" for permitting Defendant to withdraw his guilty plea, and requested additional time to develop the evidence in support of the motion. On June 11, 2010, Defendant filed an "expanded" motion to withdraw his guilty plea, citing Schaengold's miscalculation of the guideline range and his "bare-bones" investigation. Doc. #51.

The Court held an evidentiary hearing on June 25, 2010. Attorney Gary Schaengold testified at the hearing, as did Defendant's brother, Steven Schroyer, and cousin, Ricky Lee Shepherd. Both parties then filed post-hearing memoranda. Docs. ##69, 71, 72. On March 26, 2012, Defendant filed a notice of supplemental authority, citing the recent decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), in which the Supreme Court again recognized a Sixth Amendment right to effective assistance of counsel in the plea negotiation stage of the criminal process. Doc. #79.

## II.  Applicable Law

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a guilty plea after the court accepts the plea but before it imposes a sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." The Sixth Circuit has explained that, "[t]his rule is designed 'to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'" *United States v. Ellis*, 470 F.3d 275, 280 -281 (6th Cir. 2006) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).

The burden is on the defendant to prove that withdrawal of the plea is justified. *Id.* at 280. As the court noted in *Ellis*, allowing a defendant to withdraw a guilty plea is "inherently in derogation of the public interest in finality and the

4

orderly administration of justice." *Id.* (quoting *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993)). Withdrawal is nevertheless appropriate if the defendant demonstrates "a real confusion or misunderstanding of the terms of the agreement." *Id.* at 281.

In *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994), *abrogated on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000), the court set forth seven factors to be considered in determining whether the defendant has established a "fair and just reason" for requesting the withdrawal:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* at 1181. No one factor is controlling, and other factors may also be relevant. *Ellis*, 470 F.3d at 281. *See also United States v. Spencer*, 836 F.2d 236, 238-240 (6th Cir. 1987) (discussing factors to be considered).

With these general principles in mind, the Court turns to Defendant's claim that he should be permitted to withdraw his guilty plea because it was not entered knowingly, voluntarily, and intelligently.

### III. Ineffective Assistance of Counsel

The Supreme Court has held that "the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. –, 130 S. Ct. 1473, 1486 (2010). As Defendant notes, the Supreme Court recently reaffirmed this principle in *Missouri v. Frye*, and *Lafler v. Cooper*, both decided on March 21, 2012. Ineffective assistance of counsel, while perhaps more frequently raised as a claim in collateral proceedings, may also constitute a "fair and just reason" for allowing a defendant to withdraw a guilty plea. *United States v. Werth*, No. 93-2379, 1994 WL 533066, at *3 (6th Cir. Sept. 30, 1994).

Claims of ineffective assistance of counsel in the plea bargain context, as elsewhere, are governed by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). A defendant bears the burden of proving that: (A) "counsel's representation fell below an objective standard of reasonableness;" and (B) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

#### A. Deficient Performance

At issue in the first prong is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

6

When a defendant enters a plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Defendant maintains that Schaengold's performance was deficient in the following respects: (1) he miscalculated the advisory sentencing guideline range; and (2) he failed to adequately review the evidence provided by the Government and conducted very little investigation of his own prior to counseling Defendant to plead guilty.

### 1. Miscalculation of Advisory Sentencing Guideline Range

As noted earlier, Schaengold calculated the advisory sentencing guideline range to be 151-188 months. At the evidentiary hearing held on June 25, 2010, he testified that he, the Assistant United States Attorney, and Cheryll Bennett, counsel for the alleged co-conspirator, were all in agreement that this was the applicable range.[1] Doc. #59, PAGEID #338-39. In contrast, the probation officer calculated the applicable range to be 235 to 293 months, with a statutory cap of 240 months.

The Government maintains that Defendant's argument -- that Schaengold's miscalculation constitutes ineffective assistance of counsel -- is premature, given

---

[1] Defendant maintains that because Schaengold was relatively inexperienced with the federal sentencing guidelines, Schaengold relied heavily on the calculations of the other attorneys.

7

that the Court has not yet determined the applicable sentencing guideline range. The Court agrees. If the Court ultimately agrees with Schaengold's calculations, it cannot be said that his performance fell below an objective standard of reasonableness.[2]

Moreover, assuming *arguendo* that Schaengold did miscalculate the sentencing guideline range, this is not a legally sufficient basis for granting Defendant's motion. In *United States v. Gibson*, 135 F.3d 1124, 1127 (6th Cir. 1998), the court held that "the fact that a defendant's guideline range is higher than expected" is not a fair and just reason for withdrawal of guilty plea. Likewise, in *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990), the court noted that "the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement." *See also United States v. Ford*, 15 F. App'x 303, 308 (6th Cir. 2001) ("Unfulfilled subjective expectations of counsel and a defendant regarding the possible length of sentence do not render an otherwise valid plea involuntary."); *United States v. Khouri*, 169 F. App'x 459 (6th Cir. 2006) (district court did not abuse its discretion in refusing to allow defendant to withdraw guilty plea where, despite attorney's erroneous advice about how much time he would serve, defendant acknowledged in court that he understood that he could be subject to

---

[2] Claims of ineffective assistance of counsel are often better raised in collateral proceedings under 28 U.S.C. § 2255, where the record can be more fully developed. *See United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992).

the statutory maximum); *Mix v. Robinson*, 64 F. App'x 952, 956-57 (6th Cir. 2003) (holding that failure to properly calculate guideline range "does not fall outside the wide range of reasonable representation," and is "not a constitutionally deficient performance rising to the level of ineffective assistance of counsel").[3]

In support of his motion, Defendant relies heavily on *United States v. Toothman*, 137 F.3d 1393 (9th Cir. 1998). In that Ninth Circuit case, the attorneys and the court, at the change of plea hearing, told the defendant that the estimated guideline range was 10-16 months. The probation officer, however, in the presentence investigation report, calculated the applicable guideline range to be 168-210 months. The district court denied the defendant's motion to withdraw the guilty plea, and sentenced him to 109 months in prison. On appeal, the court found that the defendant should not be told one thing at the hearing, and then be subjected to something completely different. The court concluded that the plea was not voluntary and that the defendant should be allowed to withdraw it. *Id.* at 1400-01.

Defendant's reliance on *Toothman* is misplaced because its holding is contrary to established Sixth Circuit case law. Moreover, *Toothman* is factually distinguishable in that the gap between the actual guideline range (168-210

---

[3] The Government points out that most of these cases were decided when the sentencing guidelines were mandatory. Now that the guidelines are advisory, and only one of several factors to be considered, an incorrect estimate is even less likely to justify withdrawal of a guilty plea.

months) and the estimated guideline range (10-16 months) was considerably larger than it is in this case, on a percentage basis. Based on the Sixth Circuit law cited above, the Court concludes that Schaengold's alleged miscalculation of the applicable advisory sentencing guideline range would not satisfy the first prong of *Strickland*. There is, therefore, no need to consider the second prong with regard to the guideline range issue.

### 2. Failure to Adequately Investigate Charges

Defendant also argues that Schaengold failed to adequately investigate the charges against him before counseling him to plead guilty. At the evidentiary hearing, Schaengold admitted that he had received approximately 25 disks of discovery from the Government. Some allegedly contained audio files, some video files, and some scanned documents. Doc. #59, PAGEID #322. He testified that he did not try to open any of them, relying instead on what Defendant's previous attorney, Aaron Durden, had told him about the case. Schaengold explained that he "did not seek to replicate what my predecessor told me had already been done." It was his understanding that Durden had already reviewed these disks with Defendant. *Id.* at 322-23.

Schaengold also admitted that he failed to review an additional disk provided by the Government in January of 2010. He testified, however, that Cheryll Bennett, the attorney for Defendant's alleged coconspirator, did review the disk and he conferred with her about it. *Id.* at 332. Schaengold admitted that, other

10

than unindicted coconspirators, he did not seek to interview any other witnesses. *Id.* at 327.

Schaengold testified that he apprised himself of the evidence the Government had against his client by conferring with Mr. Durden, reading all of the written discovery that was provided on paper, and by conferring with Bennett and with the Assistant United States Attorney.[4] *Id.* at 324. Schaengold ultimately concluded that Defendant's case should be resolved by way of a plea bargain instead of a trial. *Id.* at 325.

Schaengold's admitted failure to personally review the discovery provided by the Government is obviously not laudatory. Nevertheless, he was entitled to rely, to a certain extent, on what his client's previous attorney and the attorney for the alleged co-conspirator told him about the case. Depending on the strength of the Government's evidence against his client, it may or may not have been prudent to conduct a more thorough investigation prior to recommending that his client plead guilty. Based on the evidence currently in the record, the Court cannot determine whether, under the circumstances presented here, Schaengold's performance fell below an objectively reasonable standard.

---

[4] Defendant takes issue with Schaengold's reliance on the "assistance" provided by Bennett, and notes that her client was cooperating with authorities in an effort to reduce his jail time. Defendant maintains that Schaengold also relied on Bennett's determination that there was no basis to file a motion to suppress evidence, and on her determination of the applicable sentencing guideline range.

11

### B. Prejudice

Even if Schaengold's alleged failure to adequately investigate the charges was objectively unreasonable, Defendant has failed to allege, much less prove that, but for Schaengold's failure to personally review the disks or conduct a more thorough investigation, there is a reasonable probability that Defendant would not have accepted the Government's plea offer and would have instead decided to go to trial.

The Court notes that, at the change of plea hearing, Defendant stated that he was satisfied with the advice and legal services provided by Schaengold. Doc. #49, PAGEID #223. Notably, Defendant did not express any reservations about the entry of his guilty plea until he learned that the applicable sentencing guideline range might be higher than Schaengold had estimated. The Court concludes that even if Schaengold's performance with respect to the investigation was deficient, Defendant has failed to establish the requisite prejudice under the second prong of *Strickland*.

## IV. Analysis of Other Factors

Even if Defendant had established ineffective assistance of counsel, the other factors that must be considered weigh heavily against allowing him to withdraw his guilty plea.

### A. Time Elapsed

The first factor to be considered is how much time elapsed between the

entry of the guilty plea and the motion to withdraw it. Here, the plea was entered on February 11, 2010. On May 5, 2010, 83 days later, Defendant wrote a letter to the Court expressing concerns about his guilty plea. It can easily be inferred that this letter was prompted by his receipt of the probation officer's initial presentence investigation report, recommending a guideline sentence of 235 months. The motion to withdraw the guilty plea was not filed until May 26, 2010, 104 days after the plea was entered.

This factor weighs very heavily against Defendant. The Sixth Circuit has repeatedly upheld the denial of motions to withdraw guilty pleas filed in a much more timely manner. *See United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) ("unjustified 75-day delay, alone, supported the court's denial of a motion to withdraw"); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir.1999) (finding the 77-day delay in filing the motion to be the "strongest factor" supporting the district court's denial of the motion to withdraw); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven day delay supported denial of motion to withdraw); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (five week delay).

### B. Reason for Delay

The next factor to be considered is the reason for the delay. Defendant learned of the discrepancy between Schaengold's calculation of the sentencing

13

guideline range and the probation officer's calculation no later than March 27, 2010, when Schaengold met with him to discuss the initial presentence investigation report. Ex. H to 6/25/10 Hr'g. Defendant nevertheless waited more than six weeks, until May 5, 2010, to raise this issue with the Court.

Defendant's failure to timely raise the other issues he now complains of is even more troubling. He claims that he tried to get Schaengold's attention during the plea colloquy to tell him that he never conspired to sell drugs, as alleged in the statement of facts. "[W]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *Spencer*, 836 F.2d at 239. If Defendant were truly concerned that he was being asked to plead guilty to things he did not do, there is no justifiable reason to wait almost three months after the hearing to raise this issue for the first time.

Likewise, to the extent Defendant argues that Schaengold failed to adequately review the evidence provided by the Government, it appears that Defendant was aware of the factual basis for this claim at the time of the plea colloquy. At the evidentiary hearing, Defendant's cousin, Ricky Lee Shepherd, testified that Schaengold gave him all of the discovery provided by the Government. Doc. #59, PAGEID #370. Schaengold stated that he gave them to Shepherd "within 24 hours after taking possession of them." *Id.* at 323. When Shepherd tried to review the disks, it appeared that some of them had not been

14

opened at all by the attorneys; others were password-protected. Shepherd returned the disks to Schaengold the following day and allegedly told him what he had discovered. *Id.* at 370, 374. Again, there appears to be no reason why this claim could not have been asserted in a more timely manner.

C. **Innocence Maintained**

The third factor to be considered is whether Defendant has consistently asserted his innocence. Defendant now denies that he ever conspired to sell drugs, maintaining instead that he is an addict who stole the drugs for his own personal use.[5] Ex. 1 to 6/25/10 Hr'g. Yet, at the plea colloquy, the Court read the statement of facts, which included several allegations that Defendant had conspired and agreed to break into pharmacies "to steal controlled substances and later to sell them" or "to distribute them illegally." It also specifically included an allegation that Defendant sold 30 OxyContin pills to an undercover agent for cash on June 4, 2009. Doc. #49, PAGEID ##211-13.

When asked by the Court if these facts were correct, Defendant responded, under oath, that they were. When asked if he understood that these were the facts behind the charge to which he was pleading guilty, Defendant responded that

---

[5] Notably, a defendant need not to intend to sell controlled substances in order to be guilty of possession with intent to distribute. It is sufficient if the defendant intends to give them to others. *United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir. 1995) ("Proof of intent to *sell* is not required"); *United States v. Wallace*, 532 F.3d 126, 129 (2d Cir. 2008) ("[T]he sharing of drugs, without a sale, constitutes distribution.").

15

they were. *Id.* at 214. Defendant later admitted to the Court that he was voluntarily pleading guilty because he believed that he was, in fact, guilty of the crime alleged, Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances. *Id.* at 240-41.

As the Sixth Circuit has noted, "the defendant's post plea claims of innocence mock his courtroom declarations of guilt under oath." *United States v. Mise*, 27 F. App'x 408, 414 (6th Cir. 2001). Because Defendant has not consistently maintained his innocence, this factor also weighs against him.

### D. Circumstances Surrounding Entry of Guilty Plea

The next factor to be considered is the circumstances surrounding the entry of the guilty plea. "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir.1992) (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)).

It is undisputed that, at some point during the plea colloquy, Defendant tried to get Schaengold's attention by nudging him or kicking him, but Schaengold told him to be quiet. Schaengold testified that he did not remember when during the hearing that was, or what was on Defendant's mind at the time. Doc. #59, PAGEID #359. Defendant alleges that he was trying to tell Schaengold that he did not do some of the things included in the statement of facts. He contends that

16

Schaengold had previously warned him that if he interrupted during the change of plea hearing, the Court would treat him more harshly. Ex. 1 to 6/25/10 Hrg. Defendant maintains that if Schaengold had simply acknowledged his concerns at that point, he would not have continued through with the guilty plea and, for this reason, should not now be required to show a "fair and just reason" for withdrawing it.

This argument is disingenuous. As noted above, Defendant admitted under oath that the facts, as recited by the Court, were correct, that he understood the factual basis behind the charge, and that he was pleading guilty voluntarily, because he felt that he was, in fact, guilty of the crime charged. Doc. #49, PAGEID ##214, 222, 240-41. After the statement of facts was read, he stated that he was satisfied with the legal services he had received from Schaengold. *Id.* at 223. Moreover, there was no need to "interrupt" the Court to raise any of these concerns. On several occasions, the Court specifically asked Defendant if he had any questions about anything, opening the door for additional dialogue; Defendant responded that he did not. *Id.* at 230-31, 239, 242-43, 245.

A defendant's "[s]olemn declarations in open court" in a plea hearing "carry a strong presumption of veracity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In light of Defendant's sworn statements during the plea colloquy and the many opportunities the Court gave him to ask questions, Defendant's newfound claim of innocence and his concern about "interrupting" the Court carry little weight.

Defendant also argues that he would not have pleaded guilty if he knew that Schaengold's sentencing guideline range calculation was inaccurate. At the change of plea hearing, the Court informed Defendant that the statutory maximum sentence on the charge to which he was pleading guilty was 20 years, and that there was no mandatory minimum sentence. Doc. #49, PAGEID #209. At the Court's request, Schaengold shared his sentencing guideline range calculation of 151-188 months. *Id.* at 215-16.

The Court made it clear that this was only an estimate, and that it was not binding on the Court. The Court told Defendant that it was "very important" that he understood that Schaengold's estimate was "not the final decision on the sentencing range." Defendant indicated that he understood. *Id.* at 217-18. On at least two occasions, the Court explained that, despite Schaengold's calculations, the sentence imposed could range from time served all the way up to the statutory maximum of 20 years. *Id.* at 220, 230. Defendant admitted that no one had promised him any particular sentence in terms of months or years. *Id.* at 240.

Based on the transcript of the hearing, it is clear that Defendant understood both the nature of charge and the penalties provided by law. *Id.* at 243-44. Therefore, this factor also weighs heavily against allowing Defendant to withdraw his guilty plea.

### E. Defendant's Nature and Background

The next factor to be considered is Defendant's nature and background. In

18

this case, Defendant is a man in his 40's, an admitted drug addict with a GED. In the Court's view, these facts are neutral, neither weighing in favor of or against Defendant's motion to withdraw his guilty plea.

### F. Defendant's Experience with Criminal Justice System

It is beyond dispute that Defendant is familiar with the criminal justice system. He has an extensive criminal record, with enough convictions to qualify as a "career offender" under the sentencing guidelines. He maintains that because this is his first *federal* conviction, his prior criminal experience should not be considered. The Sixth Circuit has rejected this argument, finding no fundamental distinction between the federal and state criminal systems. *United States v. Goodloe*, 393 F. App'x 250, 256 (6th Cir. 2010). This factor, therefore, also weighs against Defendant.

### G. Potential Prejudice to Government

"The government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Spencer*, 836 F.2d at 240. In this case, because Defendant has not established a fair and just reason to allow him to withdraw his guilty plea, this factor need not be considered.

## V. Conclusion

Defendant has failed to establish a "fair and just reason" for allowing him to withdraw his guilty plea to Count 3 of the First Superseding Indictment, as required

19

by Federal Rule of Criminal Procedure 11(d)(2)(B). Accordingly, the Court OVERRULES Defendant's motion to withdraw his guilty plea (Doc. #47) and expanded motion to withdraw his guilty plea (Doc. #51).

Date: July 17, 2012

*[signature]*
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record